Submitted June 29, affirmed on appeal and on cross-appeal July 28, 2021

SNJ ONLINE, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

EYEC, LLC,
an Idaho limited liability company;
Randy Norris; and Ben Judson,
*Defendants-Respondents*
*Cross-Appellants.*

Malheur County Circuit Court
18CV51759; A171789

496 P3d 1145

Gregory L. Baxter, Judge.

P.K. Runkles-Pearson and Miller Nash Graham & Dunn LLP filed the briefs for appellant-cross-respondent.

Bruno J. Jagelski, Zach Olson, Ryon Sirucek, and Yturri Rose LLP filed the briefs for respondents-cross-appellants.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed on appeal and on cross-appeal.

## PER CURIAM

Respondents were granted summary judgment in this breach of contract action, and appellant appeals that decision as well as two supplemental judgments determining that appellant's *lis pendens* was an invalid encumbrance and awarding statutory damages and attorney fees. Respondents cross-appeal, assigning error to the trial court's denial of respondent's request for additional attorney fees.

We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. *Buchwalter-Drumm v. Dept. of Human Services*, 288 Or App 64, 66, 404 P3d 959 (2017). Additionally, "we review the trial court's determination regarding entitlement to attorney fees for errors of law, and, if attorney fees are authorized or required, we review the trial court's award for an abuse of discretion." *Cedartech, Inc. v. Strader*, 293 Or App 252, 265, 428 P3d 961 (2018).

Appellant first contends that the trial court erred in concluding that the parties' land sale contract expired by its own terms when both parties to that contract—appellant and respondent EYEC, LLC (the seller)[1]—failed to perform.[2] Appellant argues that the seller repudiated the contract by failing to provide a subdivision plat and survey—of which appellant's approval was a contractual contingency. However, the seller's failure to provide a plat and survey is not sufficient evidence of an unequivocal intent to not perform the contract: the contract did not require the seller to provide a plat and survey, only that it bear any subdivision costs. *See Butler Block, LLC v. Tri-County Metropolitan Transp. Dist. of Oregon*, 242 Or App 395, 410, 255 P3d 665 (2011) ("A party repudiates a contract when its conduct evinces a fixed purpose not to perform the contract."). Appellant also

---

[1] The parties do not contend on appeal that the other respondents, EYEC, LLC's individual members, were parties to the contract.

[2] Appellant also assigns error to the trial court's conclusion that the contract was unenforceable because it did not contain a sufficient description of the land to be purchased. Because we affirm the trial court's grant of summary judgment on the basis that the contract expired, we do not reach appellant's argument about the contract's enforceability.

notes that the seller sent a termination agreement to appellant before the performance period ended and contends that the seller repudiated the contract by requesting its termination. However, the termination agreement was voluntary and required both party's signatures; it was not, as a matter of law, an unambiguous refusal to perform the contract. Accordingly, appellant was not relieved of its duty to perform, and, when neither party performed by the contract's closing date, the contract expired.

Moreover, the trial court did not err in quieting title and ordering appellant to remove its *lis pendens* when it concluded that the land sale contract had expired and consequently appellant no longer had the right to encumber the seller's property. Accordingly, the trial court did not err in concluding that appellant's amended *lis pendens*—filed after the court ordered the first *lis pendens* removed—was an invalid encumbrance and that respondents were entitled to statutory damages and attorney fees. As to the amount of those attorney fees, we conclude that the trial court did not abuse its discretion.

We reject respondents' assignment of error in their cross-appeal because the contract does not unambiguously provide for attorney fees in litigation. The prevailing party "[i]n any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties" is entitled to reasonable attorney fees, and the court does not have discretion not to award them. ORS 20.096. However, whether or not a contract "specifically provides" that the prevailing party is entitled to attorney fees is a question of law. *Eagle Industries, Inc. v. Thompson*, 321 Or 398, 405, 900 P2d 475 (1995). Here, the contract states that "[t]he prevailing party in any *arbitration*" is entitled to fees and makes no mention of litigation. (Emphasis added.) Consequently, the trial court did not err in its conclusion that respondents were not entitled to attorney fees under the contract.

Affirmed on appeal and on cross-appeal.